1 | KARLA MADRAZO VILLARREAL, ESQ. (SBN 351073)
Madrazo Villarreal A.P.C.
2 | 910 Hale Place, Suite 207
Chula Vista, California 91914
3 | Telephone: (619) 591-8059
Email: karla@madrazolaw.com
4 |
5 | **Attorney for Plaintiffs**
6 |
7 | **UNITED STATES DISTRICT COURT**
8 | **SOUTHERN DISTRICT OF CALIFORNIA**          **'25CV3613 JES JLB**
9 |
10 | JOHN DOE 1 through JOHN DOE 22, Mexican nationals proceeding
pseudonymously due to reasonable fear of retaliation, individually
11 | and on behalf of themselves and all others similarly situated who
12 | may later join pursuant to Fed. R. Civ. P. 20 and 28 U.S.C. § 1367,
13 | reserving the right to seek class certification under Rule 23,
14 | Plaintiffs,
15 |
16 | v.
17 | OMEGA COMPLIANCE SOLUTIONS, LLC; SOUTH STAR LOGISTICS, INC.; TRIUS
18 | TRUCKING, INC.; NEW LEGEND, INC.; B&B TRANSPORT, INC.; A&I TRANSPORT,
19 | INC.; DIESEL DIRECT, LLC; HENRY G. GAMINO; RICK GAMINO; ALVARO
20 | COBARRUBIAS; KARLA PARRA; PABLO PEREZ; GERARDO RIVAS; and DOES 1–100.
21 |
22 | Defendants.
23 |
24 | **COMPLAINT FOR DAMAGES, RESTITUTION, TREBLE DAMAGES, PUNITIVE**
25 | **DAMAGES, AND INJUNCTIVE RELIEF UNDER:**
26 |
27 | 1. TVPRA – Forced Labor, Trafficking, Document Servitude, and Benefiting
from a Trafficking Venture: 18 U.S.C. §§ 1589, 1590, 1592, 1595
28 |

2. RICO – Substantive and Conspiracy (pled under Rule 9(b)): 18 U.S.C. § 1962(c), (d)

3. FLSA – Minimum Wage, Overtime, Retaliation: 29 U.S.C. §§ 206, 207, 215(a)(3), 216(b)

4. California Civil Trafficking: Cal. Civ. Code § 52.5

5. California UCL: Bus. & Prof. Code § 17200 et seq.

6. California False Advertising: Bus. & Prof. Code § 17500

7. California Wage & Hour (including minimum wage, overtime, meal/rest breaks, wage statements, waiting time, unlawful deductions, misclassification): Lab. Code §§ 1182.12, 510, 1194, 226.7, 512, 226, 201-203, 221-223, 226.8

8. Common Law: Fraud, Negligent Misrepresentation, Intentional Infliction of Emotional Distress, Conversion, Unconscionability

9. Declaratory and Injunctive Relief

For their protection, Plaintiffs are identified herein by pseudonyms. Plaintiffs face significant risks of retaliation, including threats to their safety, employment, and immigration status, should their identities be publicly disclosed. Plaintiffs are filing, contemporaneously with this Complaint, a motion for leave to proceed under pseudonyms, as permitted by *Doe v. Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000)*, and related authority.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**I. INTRODUCTION**

1. Plaintiffs are Mexican nationals, professional commercial drivers, who were recruited in Baja California beginning no later than 2022 and continuing through 2025 by Defendants through a cross-border enterprise premised on fraudulent promises of lawful U.S. work visas, permits, and immigration

benefits in exchange for recruitment fees and coerced labor. Defendants used threats of immigration harm, coercive debts, confiscation of identity documents, and unlawful wage practices to obtain and maintain Plaintiffs' labor in interstate trucking.

2. Plaintiffs bring this action individually, on behalf of similarly situated workers, and on behalf of proposed Rule 23 classes and an FLSA collective to recover compensatory, statutory, and punitive damages; restitution and disgorgement; penalties; attorneys' fees and costs; and injunctive and declaratory relief necessary to halt ongoing harms and protect Plaintiffs and class members.

## II. NATURE OF THE ACTION

1. This case arises from a coordinated human trafficking and forced labor venture involving Omega Compliance Solutions and multiple U.S. motor carriers that jointly recruited, dispatched, controlled, and profited from Plaintiffs' labor through:

   o Fraudulent immigration representations and fabricated "sponsorship" and "case numbers" delivered via WhatsApp messages and voice notes;

   o Upfront "activation" and "visa processing" fees and ongoing deductions operating as coercive debts;

   o Confiscation and retention of identity documents, including passports and I-94s, to restrict movement and coerce labor;

   o Threats of deportation, blacklisting, financial penalties, and other retaliation to compel continued labor;

   o Systematic wage theft, unlawful deductions, and misclassification;

   o Coordinated recruitment and dispatch among Omega and Carrier Defendants, functioning as a joint enterprise and integrated employer.

2. U.S. Customs and Border Protection (CBP) officers, during inspections at Otay Mesa and San Ysidro ports of entry, cancelled or revoked visas and, in some instances, FAST passes for Plaintiffs who were associated with the scheme described herein. These immigration consequences occurred in the ordinary course of the inspection process and directly followed Defendants' recruitment, fee collection, and dispatch practices alleged below.

## III. EXTRATERRITORIAL APPLICATION OF TVPRA

Plaintiffs' claims under the TVPRA are actionable in this Court even where portions of the conduct occurred outside the United States. The TVPRA expressly provides for extraterritorial jurisdiction over offenses under, inter alia, 18 U.S.C. §§ 1589–1592, when the offender is a national of the United States or present in the United States, or where the offense occurs in or affects interstate or foreign commerce, pursuant to 18 U.S.C. § 1596(a).

Defendants operated from and are present in the United States, directed conduct into this District, and engaged in acts affecting interstate and foreign commerce.

The recruitment and threats occurred in Mexico, while the labor, transportation, and document servitude occurred in and through the United States, affecting both interstate and foreign commerce.

## IV. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims under the TVPRA, RICO, and FLSA.

2. Supplemental jurisdiction over state-law claims is proper under 28 U.S.C. § 1367(a).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because substantial events occurred here, including recruitment in San Diego County, entry through Otay Mesa and San Ysidro ports of entry, and dispatch and employment control within this District. Personal jurisdiction is proper because Defendants purposefully directed their recruitment, labor supply, and control into this District and availed themselves of its markets and ports of entry.

**V. FLSA COLLECTIVE ACTION ALLEGATIONS**

**1.** Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated individuals pursuant to 29 U.S.C. § 216(b) who, within the applicable limitations period, performed trucking work for one or more Defendants and were not paid minimum wages or overtime as required by the FLSA, and/or were subjected to retaliation for asserting rights protected by the FLSA.

**2.** The FLSA Collective consists of all individuals who, within the applicable limitations period, (a) performed trucking work for one or more Defendants; (b) were subjected to the same pay policies and practices, including per-mile pay, non-payment for wait time, unlawful deductions, and complete denial of overtime compensation; and (c) did not receive at least the federal minimum wage for all hours worked in a workweek.

3. Plaintiffs and the proposed Collective are "similarly situated" because they were all subject to uniform compensation policies,

uniform dispatch and control practices, and uniform wage-and-hour violations arising from the same decision-makers and centralized labor control exercised jointly by Defendants.

4. Plaintiffs will file written consents to join this action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and other opt-in plaintiffs.

## VI. JOINDER AND RESERVATION OF RIGHTS

1. Plaintiffs reserve the right to amend this Complaint to add additional plaintiffs pursuant to Fed. R. Civ. P. 15 and 20, to seek class certification under Rule 23, and to move for consolidation with related actions.

## VII. PARTIES

1. Plaintiffs JOHN DOE 1 through JOHN DOE 22 are Mexican nationals, professional commercial drivers, recruited in 2023 and during the period 2022-2025, trafficked into the United States, and compelled to perform commercial trucking. Plaintiffs suffered economic loss, loss of liberty, visa cancellations or revocations, emotional distress, and property loss.

2. **CORPORATE DEFENDANTS**

3. **OMEGA COMPLIANCE SOLUTIONS LLC**

   Plaintiffs are informed and believe, and on that basis allege, that Defendant Omega Compliance Solutions LLC is a California limited liability company with its principal place of business located at 1614 Pioneer Way, El Cajon, California 92020. Plaintiffs further allege that at all times relevant herein, Omega Compliance Solutions LLC conducted business operations in the State of California.

4. **SOUTH STAR LOGISTICS, INC.**

5. Plaintiffs are informed and believe, and on that basis allege, that Defendant SOUTH STAR LOGISTICS, INC. is a California corporation, with its principal place of business at 9668 Milliken Ave., Suite 104-339, Rancho Cucamonga, California 91730. Plaintiffs are informed and believe that, at all times relevant to this action, Defendant SOUTH STAR LOGISTICS, INC. conducted substantial commercial trucking and freight transportation operations within the State of California.

6. **TRIUS TRUCKING, INC.**

Plaintiffs are informed and believe, and on that basis allege, that Defendant TRIUS TRUCKING, INC. is a California corporation, with its principal place of business at 4692 E. Lincoln Ave., Fowler, California 93625. Plaintiffs are informed and believe that, at all times relevant to this action, Defendant TRIUS TRUCKING, INC. conducted commercial trucking and transportation operations within the State of California.

7. **B & B TRANSPORT, INC.**

Plaintiffs are informed and believe, and on that basis allege, that Defendant B & B TRANSPORT, INC. is a California corporation, with its principal place of business at 4263 E. North Ave., Fresno, California 93725. Plaintiffs are further informed and believe that, at all times relevant, B & B TRANSPORT, INC. conducted long-distance trucking and commercial transportation operations within the County of Fresno, State of California.

8. **DIESEL DIRECT LLC**

Plaintiffs are informed and believe, and on that basis allege, that Defendant Diesel Direct LLC is a California limited liability company with a last-known principal place of business at 4350 E. Addington Drive, Anaheim, California 92807. Public records further indicate that Diesel Direct LLC is currently listed as Suspended by the California Franchise Tax Board. At all times relevant to this action, and notwithstanding its suspended status, Diesel Direct LLC conducted business operations within the State of California, including in the County of Orange, and was engaged directly and indirectly in the

recruitment, dispatching, supervision, transportation, and labor of Plaintiffs as alleged herein.

**9. A & I TRANSPORT, INC. (Watsonville)**

Plaintiffs are informed and believe, and on that basis allege, that Defendant A & I Transport, Inc. is a California corporation with its principal place of business located at 123 E Lee Road, Watsonville, California 95076. Plaintiffs further allege that at all times relevant to this action, A & I Transport, Inc. conducted commercial trucking operations within the State of California.

**10.    NEW LEGEND INC.**

Plaintiffs are informed and believe, and on that basis allege, that Defendant New Legend Inc. is an Arizona corporation with its principal place of business in the State of Arizona. Plaintiffs further allege that, at all times relevant to this action, New Legend Inc. conducted substantial business operations within the State of California, including but not limited to maintaining active commercial facilities at 1235 Oswald Road, Yuba City, California 95991 (Northern California) and 8639 Etiwanda Avenue, Rancho Cucamonga, California 91739 (Southern California). New Legend Inc. regularly transported freight, dispatched drivers, coordinated logistics, and derived significant revenue from its continuous and systematic operations in various counties throughout the State of California.

**11.    INDIVIDUAL DEFENDANTS:**

12.    HENRY G. GAMINO (Control Person / Principal)

Defendant HENRY G. GAMINO is an individual who, at all relevant times, was an owner, officer, director, managing agent, and/or controlling person of one or more of the Defendant entities, including but not limited to OMEGA COMPLIANCE SOLUTIONS LLC., and related or affiliated entities. Defendant GAMINO exercised direct and indirect control over the recruitment, hiring, transportation, supervision, compliance operations, payroll practices, and labor conditions affecting

Plaintiffs, and personally participated in, authorized, ratified, and/or knowingly benefited from the unlawful conduct alleged herein. Defendant HENRY G. GAMINO is also known as Henry Mancilla and Henry Gamino Mancilla and acted individually and in concert with the other Defendants as part of a common enterprise and scheme to recruit, transport, and exploit Plaintiffs for labor in the United States through fraud, coercion, and abuse of vulnerability.

13.   RICK GAMINO (Operational / Management Control)
Defendant RICK GAMINO is an individual who, at all relevant times, acted as a manager, supervisor, and/or agent of one or more of the Defendant entities. Defendant RICK GAMINO exercised operational control over Plaintiffs' work assignments, dispatch instructions, compliance requirements, and day-to-day labor conditions, and knowingly participated in, facilitated, and/or benefited from the unlawful recruitment, misclassification, wage violations, and coercive labor practices alleged herein. Defendant RICK GAMINO acted in coordination with Defendant HENRY G. GAMINO and other Defendants as part of a common enterprise.

14.   KARLA PARRA RODRIGUEZ (Recruitment / Coercion / Intake Control)
Defendant KARLA PARRA is an individual who, at all relevant times, acted as a recruiter, intake coordinator, and agent of one or more of the Defendant entities. Defendant PARRA directly participated in recruiting Plaintiffs in Mexico, communicating false promises regarding visas, lawful work authorization, compensation, and employment conditions, and facilitating Plaintiffs' transportation to the United States. Defendant PARRA further participated in coercive practices, including threats related to immigration status, financial penalties, and retaliation, and acted in concert with the other Defendants as part of a unified recruitment and labor exploitation scheme.

15.   ALVARO COBARRUBIAS (Logistics / Dispatch / Control)
Defendant ALVARO COBARRUBIAS is an individual who, at all relevant times, acted as a dispatcher, supervisor, and/or operational agent

of one or more of the Defendant entities. Defendant COBARRUBIAS exercised control over Plaintiffs' routes, schedules, assignments, and communications, and knowingly participated in enforcing coercive working conditions, unlawful deductions, and retaliatory practices. Defendant COBARRUBIAS acted in furtherance of, and knowingly benefited from, the unlawful enterprise and scheme alleged herein.

16.   PABLO PEREZ (a/k/a "Pablo") (Recruitment / Communications / Control)

Defendant PABLO PEREZ, also known as "Pablo", is an individual who, at all relevant times, acted as a recruiter, intermediary, and agent of one or more of the Defendant entities. Defendant PÉREZ participated in recruiting Plaintiffs through social media and messaging platforms, conveying false representations regarding immigration status, compensation, and job security, and coordinating Plaintiffs' entry, assignments, and continued labor in the United States. Defendant PÉREZ acted in concert with other Defendants as part of a common scheme and enterprise to exploit Plaintiffs' labor through fraud and coercion.

GERARDO RIVAS (Payments / Deductions / Enforcement)

17.   Defendant GERARDO RIVAS is an individual who, at all relevant times, acted as a payroll agent, payment coordinator, and/or enforcer for one or more of the Defendant entities. Defendant RIVAS participated in processing payments, imposing unlawful deductions, withholding wages, and enforcing financial penalties designed to maintain control over Plaintiffs. Defendant RIVAS knowingly participated in and benefited from the unlawful labor practices and enterprise alleged herein.

18.   Defendants JOHN DOES 1-100 are individuals whose true names and capacities are presently unknown to Plaintiffs, who participated in, directed, authorized, aided and abetted, and/or benefited from the unlawful recruitment, transportation, coercive labor practices, and wage violations alleged herein. Plaintiffs will amend this Complaint

to allege their true names and capacities when ascertained. DOES 1-100 include unidentified co-conspirators and joint participants in the venture, including individuals known to Plaintiffs by the first names "Viviana" and "Aranza," whose full identities will be ascertained through discovery.

19.

## VIII. CLASS ACTION ALLEGATIONS

1. Plaintiffs seek to represent the following California classes and subclasses under Fed. R. Civ. P. 23:

- California Wage & Hour Class (all persons who worked in California for any Defendant and were subjected to unlawful wage practices, unlawful deductions, meal/rest period violations, improper wage statements, waiting time violations, and/or misclassification);

- California UCL Class (all persons who paid recruitment or immigration-related fees, had identity documents confiscated, were subjected to trafficking and forced labor practices, or suffered unlawful, unfair, or fraudulent practices by Defendants);

- California Civil Trafficking Class under Cal. Civ. Code § 52.5 (all persons subjected to trafficking, forced labor, threats, document servitude, and related harms in California).

1. The proposed classes number at least 22 individuals and likely many more; common questions predominate regarding uniform scripts, WhatsApp communications and audio notes, fee structures, document confiscation, threats, dispatch practices, and wage policies; Plaintiffs' claims are typical; and Plaintiffs and counsel will fairly and adequately protect the interests of the classes. Class treatment is superior to individual litigation for adjudicating these claims.

2. Plaintiffs are not seeking Rule 23 class certification at filing; they reserve the right to move after discovery.

3. Plaintiffs also seek certification under Rule 23(b)(2) and/or Rule 23(c)(4) for declaratory and injunctive

COMPLAINT

relief halting ongoing trafficking, forced labor, document confiscation, immigration threats, and retaliation.

## IX. JOINT EMPLOYER / INTEGRATED ENTERPRISE ALLEGATIONS

1. Each Defendant was Plaintiffs' employer and/or joint employer under the FLSA and California law. Omega and the Carrier Defendants operated as an integrated enterprise with:

- Interrelated operations, including coordinated recruitment, onboarding, dispatch, payroll deductions, and document handling;

- Centralized control of labor relations, including threats, immigration leverage, blacklisting, and control of assignment/dispatch;

- Common management, ownership ties, and financial interdependence;

- Shared control over essential terms and conditions of work (routes, schedules, equipment, pay practices, and document custody).

1. Defendants jointly controlled Plaintiffs' work and benefitted from the coerced labor, rendering all Defendants jointly and severally liable.

2. As to each Carrier Defendant, Plaintiffs allege that Omega and that Carrier Defendant jointly determined routes, dispatch, pay structure, and the conditions under which Plaintiffs could continue working, and that both Omega and the Carrier Defendants shared in the profits derived from Plaintiffs' coerced labor.

## X. EQUITABLE TOLLING AND ESTOPPEL

1. The limitations periods for all claims are tolled under equitable tolling and equitable estoppel due to: (a) Defendants' fraudulent concealment of the illegality of their immigration representations and the true nature of the scheme; (b) threats of immigration retaliation and coercion; (c)

confiscation and control of identity documents; (d) cross-border vulnerability, language barriers, and reasonable reliance on false assurances of pending "sponsorship" and "case numbers;" and (e) continuing violations through ongoing threats, document control, wage theft, and retaliation. Defendants are estopped from asserting limitations defenses.

2. Many Plaintiffs did not understand that Defendants' conduct was unlawful, or that they had legal claims, until after CBP cancelled or revoked their visas or FAST passes in 2024-2025 and they consulted counsel. Prior to that, they reasonably believed, based on Defendants' ongoing false assurances, that their immigration "process" was legitimate and that complaining would result in deportation or harm to themselves or their families.

## XI. FACTUAL ALLEGATIONS

### A. Recruitment Scheme and False Promises

1. Beginning in or around 2022 through 2025, Omega and individual recruiters acting on its behalf engaged in a coordinated scheme targeting commercial truck drivers in Mexico with promises of lawful U.S. work authorization, employment-based visas, and eventual permanent residency in exchange for fees and employment with U.S. carriers.

2. Recruiters—including Henry G. Gamino and others—used WhatsApp messages and voice notes, in-person meetings in Baja California and San Diego County, and written materials to represent that immigration sponsorship had been initiated or approved and to provide fabricated "case numbers." They also made misrepresentations about the purpose of ITINs and other paperwork to create the false impression of lawful sponsorship.

3. Plaintiffs reasonably relied on these representations and paid upfront "activation" and "visa processing" fees and other

charges to participate. These statements were knowingly false when made and intended to induce Plaintiffs' labor and payments. By way of example, in or around early 2023, recruiter Henry G. Gamino sent WhatsApp voice notes to at least one Plaintiff stating, in substance, that Omega had secured an EB-3 "case number" for the Plaintiff, that the Plaintiff would obtain a work permit and residency if he paid a $3,000 "activation" fee, and that if he refused loads or left the program he would "lose everything" and be reported to immigration. Relying on these statements, the Plaintiff paid the demanded fee, surrendered his passport, and began hauling loads for a Carrier Defendant under the conditions described herein.

B. Coercive Debts, Document Confiscation, and Threats

1. As a condition of participation and to maintain control, Defendants imposed ongoing deductions mischaracterized as "legal advice," taxes, insurance, maintenance, penalties, and fuel charges, and required Plaintiffs to surrender identity documents—including passports and I-94s—which Defendants retained to restrict movement and compel continued labor.

2. When Plaintiffs requested the return of documents, questioned the purported immigration process, or attempted to leave, Defendants threatened deportation or immigration harm, financial penalties and fabricated "debts," blacklisting from work opportunities, and—in some instances—threats of physical harm to coerce compliance.

C. Funnel Into U.S. Motor Carriers and Enterprise Coordination

1. Omega served as a recruitment gateway, placing Plaintiffs with U.S. carriers including South Star Logistics, Trius Trucking, New Legend, B&B Transport, A&I Transport, Diesel Direct, and other affiliated entities. These carriers operated in California and interstate commerce, knowingly received labor from Plaintiffs despite lacking lawful work authorization,

coordinated with Omega on dispatch and document control, and benefitted financially from coerced labor.

2. The relationship between Omega and the Carrier Defendants was structured and ongoing, forming an association-in-fact enterprise with a common purpose to obtain cheap, controlled labor through fraud, coercion, and wage suppression.

D. Working Conditions and Wage Practices

1. Plaintiffs performed long-haul trucking across multiple states. Defendants controlled schedules, routes, truck assignments, and working conditions. When Plaintiffs were dispatched on routes originating in or passing through California, they performed substantial work within California's borders, triggering the protections of the California Labor Code and IWC Wage Orders for those work periods. Defendants routinely failed to pay lawful minimum wages and overtime, denied meal and rest breaks, issued inaccurate wage statements, imposed unlawful deductions, and, in many cases, misclassified Plaintiffs as independent contractors.

2. Plaintiffs routinely worked more than forty hours per week without lawful overtime compensation, were not paid minimum wage for all hours worked, did not receive accurate wage statements, and were denied meal and rest periods required by California law. Defendants imposed unlawful deductions and, in many instances, misclassified drivers as independent contractors.

E. Border Consequences

1. During the relevant period, numerous Plaintiffs experienced cancellation or revocation of visas and FAST pass revocations while attempting to cross the U.S.-Mexico border at Otay Mesa and San Ysidro. The cancellations and revocations were foreseeable consequences of Defendants' recruitment, fee collection, dispatch practices, and misrepresentations

regarding immigration sponsorship, and they caused significant economic and dignitary harms.

F. Ongoing Harm and Risk of Retaliation

1. At least dozens of workers, including but not limited to the 22 named Plaintiffs have nearly identical experiences, evidencing a uniform pattern since at least 2022. Plaintiffs remain at risk of continued retaliation and immigration harm, supporting the need for injunctive and declaratory relief.

**XII. CAUSES OF ACTION**

**First Cause of Action**

**Forced Labor – TVPRA**

**18 U.S.C. § 1589** (Against All Defendants)

1. Plaintiffs reallege all prior paragraphs. Defendants knowingly obtained Plaintiffs' labor and services by means of threats of serious harm (including immigration harm and threats of physical harm), abuse and threatened abuse of legal process, confiscation of identity documents, and a scheme intended to make Plaintiffs believe they had no viable alternative but to continue providing labor. Plaintiffs seek compensatory and punitive damages, equitable relief, and attorneys' fees available under 18 U.S.C. § 1595.

**Second Cause of Action**

**Trafficking with Respect to Forced Labor – TVPRA**

**18 U.S.C. § 1590** (Against All Defendants)

1. Defendants knowingly recruited, enticed, harbored, transported, provided, and obtained Plaintiffs for labor through prohibited means in violation of the TVPRA. Plaintiffs seek compensatory and punitive damages, equitable relief, and attorneys' fees under 18 U.S.C. § 1595.

**Third Cause of Action**

COMPLAINT

**Document Servitude – TVPRA**

**18 U.S.C. § 1592 (Against All Defendants)**

1. Defendants knowingly destroyed, concealed, confiscated, or possessed Plaintiffs' passports, identity documents, and I-94s with the intent to prevent or restrict movement and to maintain labor, in violation of 18 U.S.C. § 1592. Plaintiffs seek compensatory and punitive damages, equitable relief, and attorneys' fees under 18 U.S.C. § 1595.

**Fourth Cause of Action**

**Benefiting from a Trafficking Venture – TVPRA**

**18 U.S.C. § 1595 (Against All Defendants)**

1. Defendants knowingly benefitted, financially or by receiving anything of value, from participation in a venture they knew or should have known engaged in TVPRA violations. Plaintiffs seek compensatory and punitive damages, equitable relief, and attorneys' fees.

**Fifth Cause of Action**

**RICO – Substantive**

**18 U.S.C. § 1962(c) (Against All Defendants)**

1. Enterprise: Defendants formed an association-in-fact enterprise with a common purpose to obtain cheap, controlled labor via fraudulent immigration inducements, coercive fees, document servitude, threats, and wage theft, affecting interstate commerce.

2. Pattern of Racketeering: Defendants, directly and indirectly, conducted and participated in the enterprise's affairs through a pattern of racketeering activity, including violations of the TVPRA (18 U.S.C. §§ 1589–1592) and wire and mail fraud (18 U.S.C. §§ 1341, 1343).

3. **Rule 9(b) Particularity – Representative Examples of Fraudulent Communications**

Defendants' racketeering and fraudulent scheme was carried out through a series of specific misrepresentations and omissions communicated to Plaintiffs and similarly situated workers. These communications were made via WhatsApp text messages, audio notes, social media, and in-person meetings, and included, but were not limited to, the following:

I. In or around early 2023, a recruiter acting on behalf of Defendants sent WhatsApp voice notes to a Plaintiff, stating that Defendants had secured an "EB-3 case number" for the Plaintiff, that the Plaintiff would obtain a work permit and residency if a $3,000 "activation" fee was paid, and that refusal to accept work assignments or leaving the program would result in "losing everything" and being reported to immigration authorities. Relying on these statements, the Plaintiff paid the demanded fee, surrendered a passport, and began working under the conditions described herein.

II. Defendants, through recruiters, routinely sent WhatsApp messages and audio notes to Plaintiffs, representing that lawful U.S. work visas and permanent residency were being processed, and provided fabricated "case numbers" and misleading explanations of ITIN paperwork to create the false impression of legitimate immigration sponsorship.

III. Plaintiffs were instructed by Defendants, via WhatsApp and in-person meetings, to cross the U.S. border using tourist visas and to falsely state to border officials that they were entering for tourism or training, rather than for employment, despite being recruited and dispatched for commercial trucking work.

IV. When Plaintiffs questioned the legitimacy of the immigration process, requested the return of their identity documents, or attempted to leave, Defendants threatened them with deportation, financial penalties, blacklisting, and, in some instances, threats of physical harm, in order to coerce continued labor.

V. Defendants provided Plaintiffs with printed documents purporting to be official "case numbers" from the Department of Labor and made repeated assurances, both in writing and

1    verbally, that legal work authorization was imminent, despite
2    knowing these representations were false. )

VI.    These examples are representative of the uniform pattern of
3    fraudulent inducements and coercive communications directed at
4    Plaintiffs and similarly situated workers and are pled with
5    sufficient particularity to satisfy Rule 9(b).

6    4. Plaintiffs suffered injury to their business or property by
reason of Defendants' violations and seek treble damages,
7    attorneys' fees, and costs under 18 U.S.C. § 1964(c).

8

9    **Sixth Cause of Action**

10    **RICO – Conspiracy**

11    **18 U.S.C. § 1962(d)** **(Against All Defendants)**

12    1. Defendants knowingly agreed and conspired to facilitate a
scheme that, if completed, would violate 18 U.S.C. § 1962(c).
13    Plaintiffs were injured by overt acts and predicate offenses in
14    furtherance of the conspiracy and seek treble damages,
15    attorneys' fees, and costs.

16

17    **Seventh Cause of Action**

18    **FLSA – Minimum Wage**

    **29 U.S.C. § 206** **(Against Carrier Defendants and Joint Employers)**
19    1. Plaintiffs were non-exempt employees jointly employed by
20    Defendants, who failed to pay at least the federal minimum wage
21    for all hours worked, in violation of 29 U.S.C. § 206.
22    Plaintiffs seek unpaid wages, liquidated damages, attorneys'
23    fees, and costs under 29 U.S.C. § 216(b).

24    **Eighth Cause of Action**

25    **FLSA – Overtime**

26    **29 U.S.C. § 207** **(Against Carrier Defendants and Joint Employers)**

27    1. Defendants failed to pay overtime compensation for hours worked
28    over forty in a workweek, in violation of 29 U.S.C. § 207.

Plaintiffs seek unpaid overtime, liquidated damages, attorneys'
fees, and costs under 29 U.S.C. § 216(b).

**Ninth Cause of Action**
**FLSA – Retaliation**
**29 U.S.C. § 215(a)(3) (Against All Defendants)**

1. Defendants retaliated against Plaintiffs for engaging in
   protected activity by threatening immigration harm, imposing
   penalties, withholding documents, blacklisting, and reducing or
   denying dispatch. Plaintiffs seek all available relief,
   including reinstatement (where applicable), lost wages,
   liquidated damages, attorneys' fees, and costs.

**Tenth Cause of Action**
**California Civil Trafficking**
**Cal. Civ. Code § 52.5 (Against All Defendants)**

1. Defendants violated Cal. Penal Code § 236.1 by subjecting
   Plaintiffs to forced labor through threats, coercion, and
   document servitude. Plaintiffs seek actual, statutory, and
   punitive damages, injunctive relief, and attorneys' fees.

**Eleventh Cause of Action**
**California Unfair Competition Law**
**Bus. & Prof. Code § 17200 et seq. (Against All Defendants)**

1. Defendants engaged in unlawful, unfair, and fraudulent business
   acts and practices, including trafficking, forced labor, fraud,
   RICO violations, wage theft, and violations of the FLSA and
   California Labor Code. Plaintiffs seek restitution,
   disgorgement, and injunctive relief.

**Twelfth Cause of Action**
**False Advertising**
**Bus. & Prof. Code § 17500 (Against Omega and Recruiter Defendants)**

1. Defendants disseminated false and misleading advertisements and representations regarding immigration sponsorship, lawful employment, wages, and penalties. Plaintiffs seek restitution and injunctive relief.

**Thirteenth Cause of Action**

**Fraud (Intentional Misrepresentation)**

(Against Omega and Recruiter Defendants)

1. Defendants knowingly made false representations and concealed material facts about immigration sponsorship, work authorization, wages, and penalties, intending Plaintiffs to rely. Plaintiffs reasonably relied by paying fees, surrendering documents, and providing labor, causing damages. Plaintiffs seek compensatory and punitive damages.

**Fourteenth Cause of Action**

**Negligent Misrepresentation**

(Against Omega and Recruiter Defendants)

1. Defendants supplied false information without reasonable grounds for believing it true, inducing Plaintiffs' reliance and causing damages.

**Fifteenth Cause of Action**

**California Minimum Wage and Overtime**

**Lab. Code §§ 1182.12, 510, 1194 (Against Carrier Defendants and Joint Employers)**

1. Defendants failed to pay lawful minimum wages and overtime for work performed in California. Plaintiffs seek unpaid wages, interest, attorneys' fees, and costs.

**Sixteenth Cause of Action**

**Meal and Rest Period Violations**

Lab. Code §§ 226.7, 512 (Against Carrier Defendants and Joint Employers)

1. Defendants failed to provide legally mandated meal and rest periods. Plaintiffs seek premium pay and related relief.

**Seventeenth Cause of Action**

**Wage Statement Violations**

**Lab. Code § 226 (Against Carrier Defendants and Joint Employers)**

1. Defendants failed to provide accurate, itemized wage statements. Plaintiffs seek statutory penalties and associated relief.

**Eighteenth Cause of Action**

**Waiting Time Penalties**

**Lab. Code §§ 201–203 (Against Carrier Defendants and Joint Employers)**

1. Defendants willfully failed to pay all wages owed at separation. Plaintiffs seek waiting time penalties.

**Nineteenth Cause of Action**

**Unlawful Deductions**

**Lab. Code §§ 221–223 (Against Carrier Defendants and Joint Employers)**

1. Defendants unlawfully deducted wages through forced fees, penalties, immigration charges, and other improper deductions. Plaintiffs seek restitution, interest, and penalties.

**Twentieth Cause of Action**

**Misclassification**

**Lab. Code § 226.8 (Against Carrier Defendants and Joint Employers)**

1. Defendants willfully misclassified Plaintiffs as independent contractors to avoid wage and hour obligations. Plaintiffs seek civil penalties and injunctive relief.

**Twenty-First Cause of Action**

**Intentional Infliction of Emotional Distress**

(Against All Defendants)

1. Defendants engaged in extreme and outrageous conduct—including threats of deportation and physical harm, document control, coercive debts, and fraudulent immigration promises—with intent to cause, or reckless disregard of the probability of causing, severe emotional distress. Plaintiffs suffered severe emotional distress and seek compensatory and punitive damages.

**Twenty-Second Cause of Action**

**Conversion**

(Against All Defendants)

1. Defendants wrongfully exercised dominion and control over Plaintiffs' personal property, including passports, identity documents, and wages through unlawful deductions. Plaintiffs seek compensatory and punitive damages.

**Twenty-Third Cause of Action**

**Unconscionability / Declaratory Relief**

**Cal. Civ. Code § 1670.5 (Against All Defendants)**

1. Any contracts purporting to impose unlawful penalties, require surrender of documents, waive wage rights, or coerce labor are procedurally and substantively unconscionable and unenforceable. Plaintiffs seek declarations of unenforceability, rescission, reformation, and injunctive relief.

**XIII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually, on behalf of the FLSA Collective, and on behalf of the Rule 23 Classes, request that the Court enter judgment in their favor and against all Defendants, jointly and severally, and award:

1. Compensatory, consequential, statutory, and punitive damages (including punitive damages for TVPRA and common-law claims);

2. Treble damages under RICO pursuant to 18 U.S.C. § 1964(c);

3. Restitution and disgorgement under the UCL and False Advertising Law;

4. Liquidated damages, civil penalties, and wage-and-hour penalties where authorized by statute;

5. Equitable and injunctive relief, including:

   ○ A permanent injunction prohibiting Defendants from: (i) recruiting workers using false or misleading representations regarding immigration status, work authorization, visas, or pathways to residency; (ii) charging or collecting unlawful recruitment, onboarding, or so-called 'activation' fees; (iii) confiscating, retaining, or otherwise exercising control over any worker's passport, identification, or immigration-related documents; and (iv) misclassifying workers as independent contractors or otherwise evading federal or state wage-and-hour obligations.;

   ○ Immediate return of all passports, I-94s, and identification documents;

   ○ Corrective notices to workers and coordination as necessary to mitigate ongoing harms;

6. Declaratory relief including that Defendants' contracts and practices are unlawful and unenforceable;

7. Attorneys' fees and costs under applicable statutes;

8. Pre- and post-judgment interest; and

9. Such other and further relief as the Court deems just and proper.

COMPLAINT

**XIV.  JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: December 16th, 2025

Respectfully submitted,

Madrazo Villarreal A.P.C.

By:

Karla Madrazo Villarreal

Attorney for Plaintiffs