UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOES 1 THROUGH 29,<br><br>Plaintiffs,<br><br>v.<br><br>OMEGA COMPLIANCE SOLUTIONS, LLC, et al.,<br><br>Defendants. | Case No.: 25cv3613-JES-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR ALTERNATIVE SERVICE; and**<br><br>**(2) DENYING MOTION FOR ELECTRONIC SERVICE OF PROCESS**<br><br>**[ECF Nos. 14, 15, 16]** |

Before the Court are two motions filed by Plaintiffs: (1) a motion seeking the Court to authorize alternative service on Defendants Omega Compliance Solutions, LLC, Henry G. Gamino, and Rick Gamino (ECF No. 14); and (2) a motion seeking the Court to authorize electronic service of Defendant Karla Parra (ECF Nos. 15, 16). The Court will address each request in turn below.

**I.   Service on Defendants Omega Compliance Solutions, LLC, Henry G. Gamino, and Rick Gamino**

Defendant Omega Compliance Solutions, LLC ("Omega") is a limited liability company formed in California, and Defendants Henry and Rick Gamino are individuals

1

that reside in California. ECF No. 14 at 1-2. Plaintiffs state that they have failed to effect service on these Defendants after several attempts and are seeking alternative means of service.

Plaintiffs document the following service attempts as to Defendant Omega:

1. <u>December 30, 2025</u>: Attempted service to registered agent (Henry Gamino) at 614 Pioneer Way, El Cajon, California 92020, the address provided on the California Secretary of State's website. The process server noted the property "appeared vacant which was supported by empty inside and empty lot." ECF No. 14-2 at 1.

2. <u>December 30, 2025</u>: Attempted service to registered agent (Henry Gamino) at his last known address. The process server noted that no one answered and home appeared empty. *Id.*, Ex. B. The server returned in the evening and reported speaking to an individual who identified himself as the son of Henry Gamino. The son told the server that he was not authorized to accept service on behalf of his father or the company. ECF No. 14-3.

3. <u>January 2, 2026</u>: Attempted service at Henry Gamino's home again, but no answer. *Id.*

4. <u>January 4, 2026</u>: Attempted service at Henry Gamino's home again with no answer. The process server reported speaking to a neighbor who did not recognize the name. *Id.*

5. <u>January 6, 2026</u>: Attempted service at Henry Gamino's home again and minor son answered. *Id.* The process server stated that the son said his father was not home and is in Mexico City, and he had no idea when his father would return. *Id.*

As to Henry Gamino, Plaintiffs document the following attempts following phone attempts, in addition to the attempts described above that took place at his residence:

1. <u>December 30, 2025</u>: Process server called the phone number provided by Plaintiffs purported to belong to Henry Gamino. A male answered who the process server claims to be Henry Gamino, and told him that he was in Mexico for the holidays and was not expected to return until the following week. ECF No. 14-4.

2. <u>January 2, 2026</u>: Process server called same phone number and left voicemail, requesting return call. *Id.*

3. <u>January 4, 2026</u>: Process server called same phone number and left voicemail, requesting return call. *Id.* Later the same day, Henry Gamino returned the call but process server reports "unable to connect or confirm convenient time to deliver legal documents." *Id.*

4. <u>January 6, 2026</u>: Process server called same phone number and reported being unable to leave message. *Id.*

As to Rick Gamino, Plaintiffs state that they were told on January 6, 2026, by the minor that Rick Gamino does live there but was in Mexico City without a return date. ECF No. 14-5. In addition, Plaintiffs document the following phone attempts:

1. <u>January 6, 2026</u>: Process server called two numbers for Rick Gamino reported to belong to him by Plaintiffs, with no answer and ability to leave a voicemail. *Id.*

2. <u>January 9, 2026</u>: Process server went to home but no one was home. He also called same two numbers. For the first number ending in 1251, he was able to leave a voicemail. For the second number ending in 5074, he was not. *Id.*

3. <u>January 10, 2026</u>: Process server went to home again and spoke to someone who identified himself as a sibling. *Id.* Only minors were available at the time and stated that they could not accept service. *Id.* Process server again called same two numbers. For the first number ending in 1251, he was able to leave a voicemail. For the second number ending in 5074, he was not. *Id.*

4. <u>January 10, 2026</u>: Process server again called same two numbers. For the first number ending in 1251, he stated that he spoke to a male who identified himself as Rick Gamino but he refused to cooperate and hung up on him. For the second number ending in 5074, he again was not able to leave voicemail. *Id.*

**A.    Defendants Henry and Rick Gamino**

As to the individual defendants, Plaintiffs seek alternative service in the form of "service via electronic mail to any known personal or business email addresses; service by mail to their last known residential addresses; and service by publication only if the foregoing methods are unsuccessful or the Court determines publication is necessary." ECF No. 14 at 5.

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in any manner prescribed by state law of the state in which the district court is located or in which

3

service is effected.[1] California law provides for service inside the state of California by: (1) personal delivery pursuant to Cal. Civ. Proc. Code § 415.10; (2) delivery to someone of suitable age at the party's usual residence or place of business with mailing after pursuant to Cal. Civ. Proc. Code § 415.20; (3) service by mail pursuant to Cal. Civ. Proc. Code § 415.30; (4) service by publication if "upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article" pursuant to Cal. Civ. Proc. Code § 415.50. Further, pursuant to Cal. Civ. Proc. Code § 413.30, "if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter," a court may authorize service in any "manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court."

Plaintiffs request this Court to authorize "service by mail to their last known residential addresses." The Court notes that this is a statutorily permitted means to effect service as long as Plaintiffs adhere to the requirements laid out in Cal. Civ. Proc. Code § 415.30, and Plaintiffs do not need to seek court permission. There is no indication in the submitted papers that Plaintiffs have attempted to effect service this way. Thus, the Court **DENIES AS MOOT** the request to effect ""service by mail to their last known residential addresses."

The remaining two requests—to effect service by email or by publication—would only be in consideration if the other methods fail. Publication is permitted under Cal. Civ. Proc. Code § 415.50 only upon a showing that the party cannot be served with "reasonable

---

[1] Rule 4(e)(2) also provides for services by doing any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." It does not appear that Plaintiffs are seeking these message to effect service.

diligence be served in another manner specified in this article." Email service is permitted under Cal. Civ. Proc. Code § 413.30 only if "a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter." The Court will not consider authorization of these other forms of service until Plaintiffs can show due diligence, including service by mail as prescribed by Cal. Civ. Proc. Code § 415.30. *See Carson v. Griffin*, No. 13-CV-0520 KAW, 2013 WL 1636408, at *3 (N.D. Cal. Apr. 16, 2013) ("If Plaintiff has met the requirements of Cal. Code Civ. P. § 415.30, there is no need for alternate service by email on these Defendants."). Accordingly, the Court **DENIES WITHOUT PREJUDICE** the requests to effect service by these other methods.

### B. Defendant Omega

As to this limited liability company Defendant, Plaintiffs seek the Court to authorize service by "service on the California Secretary of State pursuant to California Corporations Code § 17701.16(c); service via electronic mail to known business email addresses used by the company; and service by mail to its last known principal business address." ECF No. 14 at 4.

An LLC may be served in any manner prescribed for serving an individual, including by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A), (e)(1). California Corporations Code § 17701.16(c) states that:

> [I]f the designated agent cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against [the LLC] cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure, the court may make an order that the service shall be made upon the [LLC] by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order

authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Again, like with the individual defendants discussed above, Plaintiffs request the Court to permit them to effect service by mail, but this is statutorily permitted in Section 415.30 as long as Plaintiffs adhere to those requirements. There is no indication that Plaintiffs have attempted service this way. Thus, this request is **DENIED AS MOOT** for the same reasons as above.

Plaintiffs also request to effect service on Omega through the California Secretary of State. But this can only be ordered upon a showing of reasonable diligence by other methods, including 415.30, which Plaintiffs have not shown. Cal. Corp. Code § 17701.16(c). Similarly, for service by email, that can only be permitted by Section 413.30 and only if "a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter." The Court will not consider authorization of these other forms of service until Plaintiffs can show due diligence, including service by mail as prescribed by Cal. Civ. Proc. Code § 415.30. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the requests to effect service by these other methods for Omega.

## II. Service of Defendant Karla Parra

In the motion regarding Defendant Karla Parra ("Parra"), Plaintiffs seek authorization for the Court to permit them to serve her using her email and WhatsApp contact information. ECF No. 16. Parra appears to reside in Tijuana, Baja California, Mexico and does not have an address here in the United States. *Id.* at 2. Plaintiffs recognize that Mexico and the United States are both signatories to the Hague Convention (the "Convention"), and service of process should proceed according to the Convention. *Id.* However, Plaintiffs argue that service through the Mexico Central Authority, as required under the Convention, would require certified Spanish translations of pleadings, would take six to twelve months or longer, and face a significant risk of non-service due to

administrative or logistical issues. *Id.* at 2-3. Thus, Plaintiffs seek this Court to authorize electronic service under Federal Rule of Civil 4(f)(3).

Federal Rule of Civil Procedure 4(f) governs service on an individual in a foreign country. Under 4(f)(1), service is authorized "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Section 4(f)(2) then governs service where there is "no internationally agreed means, or if an international agreement allows but does not specify other means." Finally, section 4(f)(3) permit service "by other means not prohibited by international agreement, as the court orders."

"[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies" and provides "the exclusive means of valid service." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705-06 (1988). Thus, service to an individual who lives in Mexico must comply with the Convention. *OGM, Inc. v. Televisa, S.A. de C.V.*, No. CV 08-5742-JFW (JCx), 2009 WL 1025971, at *1 (C.D. Cal. Apr. 15, 2009) ("Because the United States and Mexico are both signatories to the Hague Convention, the Hague Convention provides the exclusive means by which Plaintiff can serve [the Mexican defendant]."); *Wright v. Old Gringo Inc.*, No. 17-CV-1996-BAS-NLS, 2018 WL 3584483, at *1 (S.D. Cal. July 26, 2018) (holding same).

The Court finds Plaintiffs' reliance on *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002), to be misplaced. In that case, the defendant was from Costa Rica, a country that is not a signatory to the Convention. Thus, the court there decided only the interplay between Rule 4(f)(2) and Rule 4(f)(3)—not about Rule 4(f)(1). Indeed, many district courts in this Circuit have rejected similar arguments relying on *Rio* for the position that adherence to the Hague Convention is not mandatory. *See, e.g.*, *Cadence Design Sys., Inc. v. Fenda USA Inc.*, 734 F. Supp. 3d 960, 965 (N.D. Cal. 2024) ("That decision [*Rio*], however, does not address the issue before this Court, because Costa Rica is not a signatory to the Convention."); *Viral DRM LLC v. Romero*, No. 24-CV-

07060-RFL, 2025 WL 3240803, at *1 (N.D. Cal. Nov. 20, 2025) (holding same); *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 984–87 (N.D. Cal. 2020) (holding same). Thus, these courts have concluded that Rule 4(f)(3) only permits an alternative means of service "when an exception to the Convention applies or when the Convention isn't implicated (e.g., because the defendant is based in a country that isn't a signatory to the Convention)." *Facebook*, 480 F. Supp. 3d at 986.

Specifically, courts have rejected authorizing email or other electronic means to effect service where the defendant is from a country covered by the Convention. *Viral DRM LLC*, 2025 WL 3240803, at *1 ("As Mexico has not agreed to service by email, WhatsApp, or website posting, the Hague Service Convention prohibits these methods of service unless an exception applies."); *cf. Cadence Design Sys.*, 734 F. Supp. 3d at 965 ("[T]he Hague Service Convention does not allow service by email unless the receiving country agrees to it" and denying the request for alternate service by email); *Facebook*, 480 F. Supp. 3d at 987 (holding same).

Plaintiffs' arguments in support of why they need service by email or WhatsApp rely on burden. They do not point to any exception that could apply. Thus, the Court **DENIES** the motion for alternative service for Defendant Karla Parra.

**IT IS SO ORDERED**.

Dated: February 5, 2026

Honorable James E. Simmons Jr.
United States District Judge