UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN DOES 1 THROUGH 29,

Plaintiffs,

v.

OMEGA COMPLIANCE SOLUTIONS, LLC, et al.,

Defendants.

Case No.: 25cv3613-JES-JLB

**ORDER GRANTING RENEWED MOTION FOR ALTERNATIVE SERVICE**

**[ECF No. 40]**

Before the Court is Plaintiffs' motion seeking the Court to authorize alternative service on Defendants Omega Compliance Solutions, LLC, Henry G. Gamino, and Rick Gamino. ECF No. 40. After due consideration and for the reasons discussed below, the Court **GRANTS** the motion.

## I. BACKGROUND

This is Plaintiff's second motion seeking alternative service on the same Defendants. *See* ECF No. 14. The Court previously denied the first motion (ECF No. 27), but in the renewed motion, Plaintiffs put forth additional facts regarding further service attempts.

Defendant Omega Compliance Solutions, LLC ("Omega") is a limited liability company formed in California, and Defendants Henry and Rick Gamino are individuals that reside in California. ECF No. 14 at 1-2.

Plaintiffs document the following service attempts as to Defendant Omega:

1. December 30, 2025: Attempted service to registered agent (Henry Gamino) at 1614 Pioneer Way, El Cajon, California 92020, the address provided on the California Secretary of State's website. The process server noted the property "appeared vacant which was supported by empty inside and empty lot." ECF No. 40-7.

2. December 30, 2025: Attempted service to registered agent (Henry Gamino) at his last known address. The process server noted that no one answered and home appeared empty. ECF No. 40-6. The server returned in the evening and reported speaking to an individual who identified himself as the son of Henry Gamino. The son told the server that he was not authorized to accept service on behalf of his father or the company. *Id.*

3. January 2, 2026: Attempted service at Henry Gamino's home again, but no answer. *Id.*

4. January 4, 2026: Attempted service at Henry Gamino's home again with no answer. The process server reported speaking to a neighbor who did not recognize the name. *Id.*

5. January 6, 2026: Attempted service at Henry Gamino's home again and minor son answered. *Id.* The process server stated that the son said his father was not home and is in Mexico City, and he had no idea when his father would return. *Id.*

As to Henry Gamino, Plaintiffs document the following attempts following phone attempts, in addition to the attempts described above that took place at his residence:

1. December 30, 2025: Process server called the phone number provided by Plaintiffs purported to belong to Henry Gamino. A male answered who the process server claims to be Henry Gamino, and told him that he was in Mexico for the holidays and was not expected to return until the following week. ECF No. 40-4.

2. January 2, 2026: Process server called same phone number and left voicemail, requesting return call. *Id.*

3. January 4, 2026: Process server called same phone number and left voicemail, requesting return call. *Id.* Later the same day, Henry Gamino returned the call but process server reported "unable to connect or confirm convenient time to deliver legal documents." *Id.*

4. January 6, 2026: Process server called same phone number and reported being unable to leave message. *Id.*

As to Rick Gamino, Plaintiffs state that they were told on January 6, 2026, by the minor that Rick Gamino does live there but was in Mexico City without a return date. ECF No. 40-5. In addition, Plaintiffs document the following phone attempts:

1. January 6, 2026: Process server called two numbers for Rick Gamino reported to belong to him by Plaintiffs, with no answer and ability to leave a voicemail. *Id.*

2. January 9, 2026: Process server went to home but no one was home. He also called same two numbers. For the first number ending in 1251, he was able to leave a voicemail. For the second number ending in 5074, he was not. *Id.*

3. January 10, 2026: Process server went to home again and spoke to someone who identified himself as a sibling. *Id.* Only minors were available at the time and stated that they could not accept service. *Id.* Process server again called same two numbers. For the first number ending in 1251, he was able to leave a voicemail. For the second number ending in 5074, he was not. *Id.*

4. January 10, 2026: Process server again called same two numbers. For the first number ending in 1251, he stated that he spoke to a male who identified himself as Rick Gamino but he refused to cooperate and hung up on him. For the second number ending in 5074, he again was not able to leave voicemail. *Id.*

These previous attempts were considered by the Court in the first motion for alternative service. Since that denial, Plaintiffs attempted to also serve Defendants by mail. They attempted to serve Henry Gamino and Rick Gamino at their address at 2025 Coronado View, Alpine, CA 91901. ECF No. 40-8. They similarly attempted to serve Omega at the business address of 1614 Pioneer Way, El Cajon, CA 92020. *Id.* All mailed attempts were returned as refused and returned to sender. *Id.*

In addition, Plaintiffs attempted to serve Omega again at the business address, and also to serve Henry and Rick Gamino at the business address at 1614 Pioneer Way. ECF Nos. 65-67. Attempted service on April 14 at 7:02pm and April 18 at 8:34am failed due to the location being closed. *Id.* On April 21 at 3:53pm, the process server claimed that "I spoke with an individual who identified themselves as the person authorized to accept and they stated subject unknown" as to all the Defendants. *Id.*

## II. DISCUSSION

### A. Defendants Henry and Rick Gamino

Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in any manner prescribed by state law of the state in which the district court is located or in which service is effected.[1] California law provides for service inside the state of California by: (1) personal delivery pursuant to Cal. Civ. Proc. Code § 415.10; (2) delivery to someone of suitable age at the party's usual residence or place of business with mailing after pursuant to Cal. Civ. Proc. Code § 415.20; (3) service by mail pursuant to Cal. Civ. Proc. Code § 415.30; (4) service by publication if "upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article" pursuant to Cal. Civ. Proc. Code § 415.50. Further, pursuant to Cal. Civ. Proc. Code § 413.30, "if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter," a court may authorize service in any "manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court."

In their motion, Plaintiffs request that the Court authorize alternative service by posting at the 2025 Coronado View address, first-class mail to that address, and electronic email service as well. Each of these forms of alternative service requires a showing that the party cannot effect service upon "reasonable diligence." Cal. Civ. Proc. Code § 415.50; Cal. Civ. Proc. Code § 413.30. Based on the service history as outlined above in the Background section, the Court finds that Plaintiffs have established that they have

---

[1] Rule 4(e)(2) also provides for services by doing any of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." It does not appear that Plaintiffs are seeking these methods to effect service.

exercised reasonable diligence in attempting to serve the individual Defendants. The efforts span over a period of months, and different methods were attempted both in person, by mail, and by phone. Thus, the Court **GRANTS** the motion for alternative service as to Defendants Henry and Rick Gamino.

**B. Defendant Omega**

An LLC may be served in any manner prescribed for serving an individual, including by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(A), (e)(1). California Corporations Code § 17701.16(c) states that:

> [I]f the designated agent cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against [the LLC] cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure, the court may make an order that the service shall be made upon the [LLC] by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Plaintiffs request to effect service on Omega through the California Secretary of State, first class mail to the business address at 1614 Pioneer Way, and electronic mail. The Court also finds that Plaintiffs have established that they have exercised reasonable diligence in attempting to serve Omega, based on the service attempts outlined above. Thus, the Court **GRANTS** the motion for alternative service to as to Defendant Omega.

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion for alternative service and permits Plaintiffs to serve the defendants as follows:

Omega Compliance Solutions, LLC: (1) Service through the California Secretary of State pursuant to Cal. Corp. Code § 17701.16(c); (2) First-class mail to 1614 Pioneer Way,

El Cajon, CA; and (3) Electronic mail to: info@omegacompliancesolutions.com., henry@omegacompliancesolutions.com, and ricky@omegacompliancesolutions.com.

Henry G. Gamino: (1) Publication by posting at 2025 Coronado View, Alpine, CA; (2) First-class mail to same address; and (3) Electronic mail to henry@omegacompliancesolutions.com.

Rick Gamino: (1) Publication by Posting at 2025 Coronado View, Alpine, CA; (2) First-class mail to same address; and (3) Electronic mail to: ricky@omegacompliancesolutions.com and rgsda5th@gmail.com.

**IT IS SO ORDERED**.

Dated: September 30, 2026

Honorable James E. Simmons Jr.
United States District Judge