UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOHN DOE 1 THROUGH 29,
Plaintiffs,
v.
OMEGA COMPLIANCE SOLUTIONS, LLC, et al.
Defendants.

Case No.: 25-cv-03613-JES-JLB

**ORDER GRANING JOINT MOTION FOR PROTECTIVE ORDER**

**[ECF No. 87]**

Before the Court is the parties' Joint Motion for Protective Order. (ECF No. 87.) Good cause appearing, the joint motion is hereby **GRANTED**, and the following Protective Order is entered:

**PROTECTIVE ORDER**

The Court having reviewed the Joint Motion for Protective Order submitted by the Parties, recognizes that at least some of the documents and information being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the Parties. The Parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential and/or proprietary information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order

is to protect the confidentiality of such materials as much as practical during the litigation. Therefore, IT IS HEREBY ORDERED THAT: the Parties are ordered to comply with the terms of the provisions herein.

**1. PURPOSE, BASIS AND RELATION TO EXISTING ORDERS**

1.1 Discovery in this action will involve (a) personal identifying information of the Plaintiffs — John Does 1 through 22, who proceed under pseudonyms on a temporary basis pursuant to ECF No. 9, and the remaining Plaintiffs and opt-in plaintiffs, who are identified by Doe number pending the Court's determination under ECF No. 80 — who have alleged threats of retaliation, immigration-related harm and physical harm; (b) personnel, payroll, immigration and financial records of individual drivers; and (c) confidential commercial, contractual and insurance information of the Defendants. The parties stipulate to, and request that the Court enter, this Stipulated Protective Order ("Order") under Federal Rule of Civil Procedure 26(c) to permit the exchange of such information while protecting it from public disclosure and from use for any purpose other than this action.

1.2 Good cause exists because the Plaintiffs' identities and identifying information, if disclosed beyond the persons authorized below, could expose them to the harms described in ECF Nos. 3, 79 and 79-1, and because the parties' commercial and personnel records are not public. These recitals do not establish that any threat occurred, identify its source, or determine liability. The parties acknowledge that this Order does not confer blanket protection on all disclosures or discovery responses; that the protection it affords extends only to information or items entitled to confidential treatment under applicable law; and that it does not by itself authorize the filing of any document under seal (Section 11).

1.3 On October 14, 2026, the Court temporarily restricted public access to ECF No. 78-1 and ordered the parties to meet and confer regarding whether the case should proceed using pseudonyms and to submit a joint status report by October 28, 2026 (ECF No. 80). This Order preserves those requirements and ECF No. 9. It does not determine

whether Plaintiffs may continue to proceed under pseudonyms, does not determine party status, does not authorize the addition of plaintiffs, and does not substitute for the conference and joint status report required by ECF No. 80. It provides the mechanism by which Defendants may receive the information they need to litigate whatever the Court decides on that question, unless the Court orders otherwise. No person shall assume that this Order restricts or unrestricts access to any existing docket entry.

**2. DEFINITIONS**

2.1 "Action" means the above-captioned case, including all claims, counterclaims and cross-claims, and any appeal.

2.2 "Stipulating Party" means Plaintiffs and each Defendant that has signed the joint motion for entry of this Order or has joined it under Section 14.5; "Party" means a Stipulating Party, including its officers, directors, employees, and Outside Counsel of Record and their support staff. A Defendant that has appeared but has not stipulated or joined is not bound by, and may not receive Protected Material under, this Order.

2.3 "Non-Appearing Defendant" means any defendant or cross-defendant that, at the time of a proposed disclosure, has not appeared through counsel in this Action, which as of entry of this Order include Omega Compliance Solutions, LLC, Go Intelligence, Henry G. Gamiño, Rick Gamiño, Karla Parra, Pablo Perez, Gerardo Rivas and Alvaro Cobarrubias, and any person acting on behalf of or at the direction of any of them in receiving, obtaining or using information. A listed defendant that later appears through counsel ceases to be a Non-Appearing Defendant but may receive Protected Material only after joining this Order under Section 14.5.

2.4 "Producing Party" means a Party or non-party that produces Disclosure or Discovery Material; "Receiving Party" means a Party that receives it.

2.5 "Designating Party" means the Party or non-party that designates material as Protected Material.

2.6 "Disclosure or Discovery Material" means all items or information, regardless of medium, that are produced, disclosed or generated in disclosures, discovery responses,

document production, deposition testimony, or any voluntary exchange of information among the Parties in this Action.

2.7 "Protected Material" means Disclosure or Discovery Material designated "CONFIDENTIAL" under Section 4, and all Plaintiff Identifying Information whether or not so designated.

2.8 "Plaintiff Identifying Information" means, as to any Plaintiff or opt-in plaintiff in this Action: his legal name, any alias, handwritten or electronic signature, photograph or likeness, or voice recording; his date of birth, residential or mailing address, telephone number, e-mail address or social-media identifier; any passport, visa, I-94, FAST, CURP, INE, ITIN, Social Security, driver's license, commercial driver's license, or other government identification number; his immigration status or history; his bank or payment-account information; the identity or contact information of his family members; and any document or compilation (including any key, roster or index) that correlates a Doe number with any of the foregoing. Immigration or employment information that does not identify a Plaintiff is not Plaintiff Identifying Information merely because of its subject matter.

2.9 "Outside Counsel of Record" means attorneys who are not employees of a Party and who have appeared in this Action on behalf of that Party, together with the partners, associates, paralegals, interpreters and staff of their firms, and supervised contract legal staff and litigation-support personnel, to whom it is reasonably necessary to disclose the information. Counsel shall explain this Order to such personnel and require their compliance.

2.10 "Expert" means a person with specialized knowledge or experience retained by a Party or its counsel to serve as an expert witness or consultant in this Action, who is not a current or former employee of a Party or of a Non-Appearing Defendant and who, at the time of retention, is not anticipated to become one. A current or former employee excluded by this definition may be retained, but may receive Protected Material only as Authorized Client Personnel, by written agreement of the Designating Party, or by court order.

2.11 "Professional Vendor" means a person or entity that provides litigation support services (photocopying, videotaping, translation, interpretation, court reporting, document processing and hosting, demonstrative exhibits, jury consulting) and its employees and subcontractors.

2.12 "Authorized Client Personnel" means, for each Party, the officers, directors and employees (including in-house counsel) of that Party and, for a Party who is an individual, that individual, to whom disclosure of Protected Material is reasonably necessary for this Action, who have executed Exhibit A, and who are listed on the log maintained by that Party's Outside Counsel of Record under Section 7.2.

**3. SCOPE**

3.1 This Order covers Protected Material and any information copied or extracted from it, all copies, excerpts, summaries or compilations of it, and any testimony, conversations or presentations by Parties or their counsel that would reveal it.

3.2 This Order does not restrict the use or disclosure of information that (a) is in the public domain at the time of disclosure, or becomes public thereafter other than through a violation of this Order or of any court order; (b) the Receiving Party can show by pre-production documentation was lawfully in its possession before disclosure in this Action; or (c) is obtained by the Receiving Party from a source who obtained it lawfully and under no obligation of confidentiality. A Party may consult its own records to respond to a request; however, a newly disclosed linkage between a Doe number and an individual remains Protected Material. Plaintiff Identifying Information is not "in the public domain" by reason of its appearance in ECF No. 78-1 while that document was publicly accessible, or in any other filing that the Court has restricted or sealed. Public availability or prior disclosure may be raised in a challenge under Section 5; no Receiving Party may unilaterally disregard a disputed designation or an existing court restriction.

3.3 This Order applies to Disclosure or Discovery Material exchanged among any Parties voluntarily before the commencement of formal discovery, and to any non-party that produces material in this Action and invokes this Order. No second production is

required solely because underlying records were first provided voluntarily, without affecting any Party's disclosure or supplementation duties under Federal Rule of Civil Procedure 26.

**4. DESIGNATION OF PROTECTED MATERIAL**

4.1 Standard. A party or non-party subject to the protective order may only designate documents or other information in this action as confidential if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c). Mass, indiscriminate or routinized designations are prohibited. A designation must be limited to the material that requires protection; an entire file is not protected merely because it concerns a Plaintiff or this Action.

4.2 "CONFIDENTIAL". Material may be designated "CONFIDENTIAL" if the Designating Party has an articulable, good-faith basis to believe it contains non-public personal, personnel, payroll, medical, tax, immigration, financial, commercial, contractual or insurance information the disclosure of which would cause harm to the Designating Party or to a non-party.

4.3 Automatic treatment of Plaintiff Identifying Information. All Plaintiff Identifying Information, from whatever source and whether or not marked, shall be treated as "CONFIDENTIAL" and is subject to the additional restrictions in Sections 6.3, 7.2 and 8, unless and until the Court orders otherwise or the affected Plaintiff, through Plaintiffs' counsel, agrees in writing. A Party that creates a document containing Plaintiff Identifying Information shall mark it accordingly. For purposes of this Order, the affected Plaintiff, acting through Plaintiffs' counsel, is the Designating Party as to that Plaintiff's Plaintiff Identifying Information, regardless of who produced or marked it; no other person may waive that protection, and permission as to one Plaintiff does not extend to another Plaintiff's information. Information within Section 3.2(b) or (c) is not restricted by this Section 4.3 solely because the same information is also disclosed in this Action, but a Doe-to-identity linkage learned through this Action remains Protected Material even if the

Receiving Party previously possessed the underlying information, and nothing in Section 3.2 authorizes disclosure contrary to an existing court order.

4.4 Manner of designation. (a) Documents: by affixing the legend "CONFIDENTIAL" to each page that contains Protected Material; for material produced in native or electronic form, by labeling the medium or file name and identifying the protected files or portions in a production notice. (b) Materials made available for inspection shall be treated as "CONFIDENTIAL" until copies are produced with designations. (c) Deposition testimony: by stating the designation on the record, or by written notice to all Parties within fourteen (14) calendar days after receipt of the transcript, identifying the designated pages and lines. All deposition testimony shall be treated as "CONFIDENTIAL" until that period expires. Counsel shall agree on necessary protections, including exclusion of unauthorized persons, before any Plaintiff Identifying Information is disclosed at a deposition. (d) Information produced in other than documentary form: by affixing the legend to the exterior of the container or by written notice. (e) Oral disclosures among counsel: by stating the designation when practicable and confirming its scope in writing.

4.5 Inadvertent failure to designate. An inadvertent failure to designate does not, standing alone, waive the Designating Party's right to secure protection under this Order. Upon written notice of a corrected designation, the Receiving Party shall treat the material in accordance with the corrected designation, relabel or replace copies, and make reasonable efforts to retrieve it from any person not authorized to receive it. This paragraph does not resolve the effect of any earlier public disclosure or alter any existing docket restriction.

**5. CHALLENGING CONFIDENTIALITY DESIGNATIONS AND ACCESS RESTRICTIONS**

5.1 Any Party may challenge a designation, or an access restriction under Section 7, at any time. A Party does not waive its right to challenge a designation by electing not

to mount a challenge promptly after the original designation is disclosed, and silence in response to a designation or a disclosure request does not constitute consent.

5.2 The challenging Party shall give written notice identifying each challenged designation or restriction, the relief requested and the basis for the challenge. Counsel shall confer in good faith by telephone or in person, commencing within fourteen (14) calendar days of that notice as required by Section V.A of Magistrate Judge Burkhardt's Civil Chambers Rules. If the dispute is not resolved, the Parties shall present it to Magistrate Judge Burkhardt by joint discovery statement no later than thirty (30) calendar days after the notice, in the form her Chambers Rules require (Section V.B). This Order does not extend those deadlines. Either Party may seek expedited relief where necessary.

5.3 The Designating Party bears the burden of establishing that protection is warranted. Frivolous challenges, and designations or objections made for an improper purpose (for example, to unnecessarily encumber or delay the case, to obstruct reasonable evaluation or defense, or to impose unnecessary expense and burden), may expose the responsible Party to sanctions. Unless the Designating Party has waived the designation in writing or the Court has ruled, all Parties shall continue to afford the material the level of protection to which it is entitled under the Designating Party's designation.

**6. USE OF PROTECTED MATERIAL**

6.1 A Receiving Party may use Protected Material only for evaluating, prosecuting, defending or resolving this Action, including any cross-claim within it. Use for a cross-claim does not authorize service or other disclosure of Protected Material to a person not authorized to receive it under this Order; before serving any paper that would make such a disclosure, the serving Party shall seek agreement on redaction or seek directions from the Court sufficiently in advance of the applicable deadline, and nothing in this Order extends any filing or service deadline. Protected Material may not be used for any other purpose, including any other litigation, administrative proceeding, business purpose, publicity, retaliation, or communication with any governmental authority, except as compelled by law and subject to Section 9. These restrictions apply to information

learned through Disclosure or Discovery Material in this Action and do not restrict a Party's use of information it independently possesses under Section 3.2, lawful and authorized disclosures under this Order, or a Plaintiff's own immigration representation. This Order does not expand Federal Rule of Evidence 408, create a settlement privilege, or make pre-existing evidence undiscoverable or inadmissible.

6.2 Protected Material shall be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order, using secure transmission methods appropriate to the information. Any key or index correlating Doe numbers to identities shall be transmitted separately from Doe-coded evidentiary materials and kept in an access-restricted location.

6.3 Specific prohibitions as to Plaintiff Identifying Information. No Party, and no person receiving Plaintiff Identifying Information under this Order, shall (a) disclose it to any Non-Appearing Defendant; (b) disclose it to any federal, state, local or foreign immigration, customs, border or law-enforcement authority, or to any employer, staffing company, motor carrier or credentialing body, except as compelled by lawful process and after compliance with Section 9; (c) use it to contact any Plaintiff, his family members or his associates, directly or through an intermediary, other than through Plaintiffs' counsel; or (d) use it to locate, surveil, photograph or record any Plaintiff. These restrictions do not prohibit disclosures expressly authorized under Section 7 (provided that Sections 7.1(h) and (i) do not by themselves authorize any disclosure prohibited by clause (a) or (b) of this paragraph), disclosures authorized in writing by the affected Plaintiff for that Plaintiff's own legal representation, or disclosures required or authorized by further court order; and nothing in this paragraph restricts a Party's counsel from communicating with a Plaintiff through Plaintiffs' counsel, from examining a Plaintiff at a deposition or hearing noticed in this Action, or from showing an individual Plaintiff his own information.

**7. PERSONS AUTHORIZED TO RECEIVE PROTECTED MATERIAL**

7.1 Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose "CONFIDENTIAL" material only to:

(a) the Receiving Party's Outside Counsel of Record; (b) the Receiving Party's Authorized Client Personnel, subject to Section 7.2; (c) Experts to whom disclosure is reasonably necessary, who have signed Exhibit A and, as to Plaintiff Identifying Information, as to whom the procedure in Section 7.3 has been completed; (d) the Court and its personnel; (e) court reporters and their staff; (f) Professional Vendors who have signed Exhibit A; (g) any mediator or settlement officer, and supporting personnel, mutually agreed upon or appointed by the Court; (h) during their depositions, or in preparation for their depositions or testimony, witnesses in this Action to whom disclosure is reasonably necessary, provided that the witness will not be permitted to keep any copies, that a witness receiving disclosure in preparation has first signed Exhibit A, and that pages of transcribed testimony or exhibits revealing Protected Material may be separately bound and treated as provided in this Order; (i) the author or recipient of a document containing the information, or a custodian or other person who otherwise possessed or knew the information, provided that this exception does not authorize disclosure of a Plaintiff's Doe-to-identity linkage unless separately authorized under this Order; and (j) insurers of the Receiving Party and their counsel, to whom disclosure is reasonably necessary for coverage evaluation or settlement, who have signed Exhibit A.

7.2 Authorized Client Personnel; log; objection. Before any Plaintiff Identifying Information is disclosed to a Party's Authorized Client Personnel, that Party's Outside Counsel of Record shall (a) obtain each person's executed Exhibit A; (b) record each person's name, title and the date of first disclosure on a confidential log, which counsel shall maintain and produce to the Designating Party upon request or upon any claim of unauthorized disclosure; and (c) as to each person who is alleged in the operative pleading or in a declaration filed in this Action to have participated in threats, document retention, immigration-related coercion or retaliation against any Plaintiff, give Plaintiffs' counsel seven (7) calendar days' written notice before disclosure, during which Plaintiffs may object by identifying the specific alleged conduct and the specific safety or misuse risk presented by disclosure to that person; no disclosure shall be made to that person pending

prompt conferral and, if necessary, resolution under Section 5.2, which Plaintiffs shall initiate within thirty (30) calendar days after serving the objection and in which Plaintiffs bear the burden of establishing the need for the restriction, failing which the objection is waived. A disclosure properly made before such an allegation is first asserted does not become a violation of this Order. Involvement in ordinary dispatch, supervision or payroll is not, by itself, a ground for objection. Authorized Client Personnel may use Plaintiff Identifying Information only for this Action, shall not disclose it to any person not authorized under this Order, including other employees of the Party, and shall keep any working notes containing it secure and deliver them to Outside Counsel of Record or destroy them when no longer needed for this Action.

7.3 Disclosure to Experts. Before disclosing Plaintiff Identifying Information to an Expert, the Receiving Party shall serve on the Designating Party a written notice identifying the Expert by name, employer and title, attaching a current curriculum vitae and the Expert's executed Exhibit A, and identifying any past or present employment by, or consulting for, any Party or Non-Appearing Defendant. The Designating Party may object in writing within fourteen (14) calendar days. Any objection shall state with particularity the grounds therefor and shall identify a specific risk of unauthorized disclosure or misuse of Plaintiff Identifying Information; disagreement with the Expert's opinions, litigation position or qualifications is not by itself a sufficient ground. The parties shall meet and confer within seven (7) calendar days after service of the objection. If the dispute is not resolved, the Designating Party shall, within seven (7) calendar days after the meet and confer or any earlier deadline that applies under Section 5.2, initiate the procedure for presenting the dispute under Section 5.2 and the assigned Magistrate Judge's Chambers Rules. Disclosure to the challenged Expert shall not be made pending resolution of a timely objection. The burden shall be on the Designating Party to establish good cause for withholding disclosure. A failure to timely object or to timely present the dispute shall constitute a waiver of the objection, and disclosure may proceed. No notice under this Section is required to provide an Expert Doe-coded or de-identified material that does not

reveal Plaintiff Identifying Information, and this Section does not require disclosure of an Expert's opinions, assignments or communications with counsel.

7.4 Every person to whom Protected Material is disclosed under Sections 7.1(b), (c), (f) or (j) shall first execute the Acknowledgment and Agreement to Be Bound attached as Exhibit A. Counsel for the Receiving Party shall retain the executed Exhibits A and a record of disclosures, and shall produce them to the Designating Party upon request or upon any claim of unauthorized disclosure, except that Exhibits A and disclosure records identifying non-testifying consultants or jury consultants, other than Experts already identified under Section 7.3, need be produced only upon a good-faith claim of unauthorized disclosure or by court order. A completed Exhibit A that contains Plaintiff Identifying Information shall not be filed publicly.

**8. PSEUDONYMS AND DOE NUMBERS**

8.1 The use of pseudonyms in public filings remains governed by the District Judge's existing and subsequent orders (ECF Nos. 9 and 80 and any further order); nothing in this Order independently grants or extends leave to proceed pseudonymously. While that question remains pending, a Party that intends to file or otherwise publicly disclose material containing Plaintiff Identifying Information shall seek appropriate redaction, sealing or other relief before public disclosure, and deposition notices and correspondence among counsel not marked "CONFIDENTIAL" shall refer to Plaintiffs by Doe number. Treatment at any hearing or trial is reserved to the presiding judge. Plaintiffs' counsel shall maintain a confidential key correlating each Doe number to the Plaintiff's legal name and shall provide to Outside Counsel of Record for each Stipulating Defendant, within ten (10) calendar days after entry of this Order or after that Defendant's joinder, whichever is later, an extract of the key, marked "CONFIDENTIAL", limited to the Plaintiffs who assert claims against that Defendant, so that the Defendant may locate its records and evaluate the claims. Identities of other Plaintiffs may be requested in writing from Plaintiffs' counsel, stating the connection to the requesting Defendant's evaluation, prosecution or defense of this Action, including any cross-claim, and counsel shall respond within three

(3) court days by providing the information subject to this Order or stating specific grounds for withholding it; identities may also be obtained by court order, and a refusal or failure to respond may be presented under Section 5.2. Each key extract shall be transmitted separately from other produced material and shall not be filed or attached to any document without leave of Court. The key and any extract are Plaintiff Identifying Information.

8.2 Nothing in this Section determines whether Plaintiffs may continue to proceed under pseudonyms, which remains before the Court under ECF No. 80.

**9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER PROCEEDINGS**

9.1 If a Receiving Party is served with a subpoena, court order or governmental demand that would compel disclosure of Protected Material, the Receiving Party shall, when legally permitted, (a) promptly, and in no event more than five (5) business days after receipt and, where possible, before any responsive disclosure, notify the Designating Party in writing and provide a copy of the subpoena, order or demand; (b) promptly notify the issuing party in writing that some or all of the material is subject to this Order, and provide a copy of it; and (c) cooperate with all reasonable procedures sought by the Designating Party to protect the material. If the response deadline is fewer than five (5) business days after receipt, notice shall be given promptly upon receipt and shall identify the response deadline. If notice is legally prohibited, it shall be given when the prohibition ends. If the Designating Party timely seeks a protective order, the Receiving Party shall not produce the Protected Material before a determination by the court or authority from which the subpoena, order or demand issued, unless legally required to do so. The Designating Party bears the burden and expense of seeking protection. This Order does not excuse compliance with lawful process.

**10. UNAUTHORIZED DISCLOSURE**

10.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized by this Order, the Receiving Party shall promptly, and where the material is Plaintiff Identifying Information

within twenty-four (24) hours, (a) notify the Designating Party in writing of all pertinent facts, identifying the material and known recipients; (b) use its best efforts to retrieve or secure all unauthorized copies and prevent further disclosure; (c) inform the person(s) to whom unauthorized disclosure was made of all terms of this Order; (d) request that such person(s) execute Exhibit A; and (e) preserve relevant incident information. Where the twenty-four-hour period applies, it governs the initial notice under (a) and the commencement of efforts under (b); the notice shall be supplemented promptly as additional facts become known, and items (b) through (d) shall be pursued promptly and diligently thereafter. Notice of an incident does not itself require disclosure of privileged advice.

**11. FILING PROTECTED MATERIAL; SEALING**

11.1 A designation under this Order does not authorize sealing and does not establish the showing needed to seal a judicial record. A Party that seeks to file Protected Material under seal must comply with Civil Local Rule 79.2, the Court's Electronic Case Filing Administrative Policies and Procedures Manual, and the Civil Chambers Rules of the judge deciding the request. Parties should not seek to file under seal entire pleadings or entire attachments unless the entire document meets the applicable sealing standard; otherwise a public version with supported redactions must be filed, with the factual and legal justification for each proposed redaction identified and the unredacted version lodged as the rules require.

11.2 A Party intending to file another Party's Protected Material shall give that Party at least three (3) business days' notice so that the Designating Party may provide its sealing justification, which the filing Party shall include in its application; if the Designating Party provides none, the filing Party shall confer with the Designating Party and, if the designation is maintained, shall lodge the material conditionally under seal in the manner Civil Local Rule 79.2 and the applicable chambers rules permit, with the Designating Party bearing the burden of supporting the sealing within the time those rules allow; silence does not authorize public filing of designated material, and nothing in this

paragraph extends any filing deadline. A Party opposing a sealing request shall give any notice to the deciding judge's chambers that the applicable chambers rules require. If a sealing request is denied, the filing Party shall not publicly file the affected Protected Material until the time allowed by the deciding judge to seek further relief has expired or the Court directs public filing. Where a filing deadline does not permit the notice required by this paragraph, the filing Party shall give as much notice as practicable and seek appropriate interim relief; shortened notice does not authorize public filing.

11.3 Plaintiff Identifying Information shall not be filed publicly in any form unless the Court so orders. A filing that necessarily includes Plaintiff Identifying Information shall be filed by Doe number with the identifying information redacted, consistent with the District Judge's orders governing pseudonyms (ECF Nos. 9 and 80 and any further order) and Federal Rule of Civil Procedure 5.2 where it applies, with the unredacted version lodged under seal upon the appropriate application. Use of Protected Material at a hearing or trial, including any requested closure, redaction or identity protection, requires the presiding judge's authorization and shall be addressed in advance.

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL**

12.1 Pursuant to Federal Rule of Evidence 502(d), the production of any document or information in this Action, whether inadvertent or otherwise, shall not constitute a waiver of the attorney-client privilege or work-product protection in this Action or in any other federal or state proceeding. Other privileges and protections are governed by applicable law. Upon written notice from a Producing Party identifying the material and the basis of the claim, the Receiving Party shall promptly sequester, return or destroy it, refrain from using it pending resolution, and otherwise comply with Federal Rule of Civil Procedure 26(b)(5)(B); the Producing Party shall preserve the material. This paragraph does not protect an intentional disclosure made to obtain a tactical advantage, meaning an affirmative, voluntary use of privileged or work-product material to support a claim,

defense or request for relief (intentional production without prior privilege review is not, by itself, such a use), and does not establish that any material is privileged.

**13. DURATION; FINAL DISPOSITION**

13.1 The confidentiality obligations imposed by this Order shall remain in effect after any settlement with fewer than all Parties and after final disposition of this Action until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition means the later of (a) dismissal of all claims and defenses with or without prejudice, and (b) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials or reviews, including the time limits for filing any motions or applications for extension of time under applicable law.

13.2 Within sixty (60) days after receipt of a written request served after final disposition, by the Producing Party or, as to Plaintiff Identifying Information, by Plaintiffs' counsel, each Receiving Party shall return all Protected Material to the Producing Party or destroy it, purge reasonably accessible electronic copies, and certify in writing that it has done so, identifying by category all material returned or destroyed and all material retained under the following sentence. Outside Counsel of Record may retain an archival copy of pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product and consultant and expert work product, even if they contain Protected Material, and may retain inaccessible routine backups until ordinary deletion, all of which remain subject to this Order. No original evidence shall be destroyed contrary to a preservation duty or court order.

13.3 Absent an ex parte motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

**14. MISCELLANEOUS**

14.1 The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

The Parties may seek modification by stipulation, subject to Court approval, or by motion after meeting and conferring as the Chambers Rules of the assigned Magistrate Judge require.

14.2 Without separate court order, the Protective Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

14.3 Nothing in this Order abridges the right of any person to seek its modification by the Court, to object to any discovery request on any ground, or to seek further or different protection for particular material. Nothing in this Order constitutes an admission by any Party that any Disclosure or Discovery Material is relevant, admissible, authentic or discoverable, or a waiver of any objection to its use at any hearing or trial; and by stipulating to this Order no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Order. This Order does not determine liability, damages, consent sufficiency or limitations.

14.4 Counsel may advise their clients concerning the Action on the basis of Protected Material without disclosing its contents to persons not authorized to receive it.

14.5 Non-parties producing material in this Action may designate it under this Order and shall have the rights of a Designating Party as to that material. A Defendant that has appeared but has not signed the joint motion for entry of this Order may join it by filing a notice of joinder signed by its counsel of record, upon which it becomes a Stipulating Party for all purposes of this Order.

14.6 Any written confidentiality agreement between Plaintiffs and a Defendant governs conduct concerning materials exchanged under it before entry of this Order; from entry forward, this Order governs the designation, access, use, retention and final disposition of those materials and the underlying documents and information, and no private agreement overrides this Order, any other court order or any disclosure obligation. Entry of this Order does not release any claim for an earlier breach or excuse any preservation obligation. No Plaintiff Identifying Information shall be exchanged in reliance on this Order before its entry.

14.7 Notices under this Order may be given by e-mail to counsel of record. Any violation of this Order may be punished by any and all appropriate measures, including contempt proceedings and monetary sanctions. The Court retains jurisdiction to enforce this Order after final disposition of this Action.

**IT IS SO ORDERED**.

Dated: November 9, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge